# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY,<br><br>                Plaintiff,<br><br>   v.<br><br>GOREE, et al.,<br><br>                Defendants. | **Case No. 1:17-cv-00997-JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE/INABILITY TO STATE A CLAIM AND TO DENY INJUNCTIVE RELIEF**<br><br>**(Docs. 11, 17)**<br><br>**21-DAY DEADLINE**<br><br>**CLERK TO ASSIGN A DISTRICT JUDGE** |

**I.**    <u>**Findings**</u>

    **A.**    <u>**Procedural History**</u>

        Plaintiff alleges the defendants violated many of his constitutional rights because his inmate appeals have not been properly processed. Plaintiff filed the Complaint in this action on July 27, 2017. (Doc. 1.) Before the Court screened it, Plaintiff filed the First Amended Complaint. (Doc. 10.) The Court screened the First Amended Complaint and dismissed it with leave to amend because it did not state any cognizable claims. (Doc. 12.) Plaintiff filed objections to the screening order indicating that he intended to state a claim for retaliation under the First Amendment and did not intend to pursue a claim purely based on the handling of his inmate appeals. (Doc. 15.) The Court issued an order explaining that Plaintiff should clarify the claims he desired to pursue in a second amended complaint, not in objections to the screening

1

order. (Doc. 16.) That same order gave Plaintiff an extension of time to file a second amended complaint with which he complied. (*Id.*)

Plaintiff's Second Amended Complaint is before the Court for screening. (Doc. 17.) However, despite receiving the applicable standards, Plaintiff fails to materially change his allegations or state a cognizable claim against any of the named defendants, such that this action should be DISMISSED.

### B. <u>Screening Requirement</u>[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

### C. <u>Summary of Plaintiff's Second Amended Complaint</u>

Plaintiff complains that he has been retaliated against for filing numerous inmate appeals and that his inmate appeals have been wrongly denied or cancelled or that the process for inmate appeals has been rendered unavailable to him. Plaintiff names the following as defendants: Appeals Coordinators D. Goree and M. Oliveira; Warden D. Davey; Hiring Authority for Appeals Coordinators; CDCR Secretary S. Kernan; the City of Corcoran; and the State of California. Plaintiff seeks monetary damages.

Plaintiff lists the following claims that he seeks to proceed on in this action: Claim 1 "Right to file grievances without threats of any kind. Retaliation & Government Code §§ 815.2 and 844.6" (Doc. 17, pp. 4-5); and Claims 2 & 3 "Conspiracy, Bane Act, Government Code §§ 815.2(a), 844.6, and the Americans with Disabilities Act" (*id.*, pp. 6-8). Plaintiff's allegations

---

[1] The First Amended Complaint is screened since Plaintiff filed it prior to the screening of his original Complaint.

will be addressed under the discussion of each claim below.

As discussed in greater detail below, the Court provided Plaintiff the applicable standards for the claims asserted in this action and informed him of the deficiencies in his factual allegations. Despite this, the Second Amended Complaint is very similar to the First Amended Complaint and suffers from the same defects. Thus, it appears that Plaintiff is unable to state a cognizable claim such that this action should be dismissed with prejudice.

**D.     Pleading Requirements**

**1.     Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

Though "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled,"

*Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

### 2. Linkage Requirement

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). To state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff must clearly identify which Defendant he feels is responsible for each violation of his constitutional rights and his factual basis for his claims because his Complaint must put each Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004). Despite being given this requirement in the First Screening Order, Plaintiff fails to link the City of Corcoran, the State of California, or the CDCR to any of his allegations.

### 3. Eleventh Amendment Immunity

The Eleventh Amendment prohibits federal courts from hearing suits brought against an un-consenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir.

1991); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *See Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). "Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks*, 951 F.2d at 1053 (citations omitted). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief is legal or equitable in nature." *Id.* (citation omitted). Thus, the State of California and the CDCR, which is a state agency, are immune to Plaintiff's claims under the Eleventh Amendment

### E. Claim 1

#### 1. Plaintiff's Allegations (Doc. 17, pp. 4-5)

Plaintiff alleges that he arrived at CSP in 2014. As soon as he arrived, Plaintiff noticed inhumane conditions and immediately began filing 602s. Initially, Plaintiff's 602s were processed without comment, but as he continued filing them every 14 days as allowed by Title 15, Plaintiff started to receive "obvious erroneous rejections and cancellations." Plaintiff attempted to build a rapport with the Appeals Coordinator.

Plaintiff was beaten by three officers (non-defendants) on 3/21/16 and when he "tried to 602 the incident D. Goree threatened Plaintiff with appeal restriction." Plaintiff thereafter began showing the psych techs who conducted daily checks his 602 efforts, and asked if he was misinterpreting the rules, but they either indicated Plaintiff was correct or that they could not give him legal advice. Plaintiff again "tried 602ing the incident, but would only get threaten (sic)

again by D. Goree and M. Oliveira instead of assistance as required by Title 15." M. Oliveira told Plaintiff "do not resubmit this appeal" and D. Goree later claimed it "was not an appeal." Plaintiff alleges that he "tries to challenge different issues and receives these threats, especially when they involve claims against officers, which has made Plaintiff reluctant to file 602's about certain events," such as cancelled visits and a vehicular accident Plaintiff was in on 12/11/17 when he was on the prison bus on his way to get an MRI.

### 2. Inmate Appeals

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*

As stated in the First Screening Order, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis

for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996). Plaintiff thus does not and cannot state a cognizable claim based purely on the handling or processing of his inmate appeals.

### 2. Retaliation

The First Amendment protects inmates from retaliation for engaging in protected conduct. A retaliation claim has five elements. *Id.* at 1114. *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009).

First, the plaintiff must allege that the retaliated-against conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. *Rhodes*, at 567. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Waitson*, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

It bears repeating that while Plaintiff need only allege facts sufficient to support a

7

plausible claim for relief, the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at 678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, Plaintiff's mere allegations that he engaged in protected activity, without knowledge resulting in animus by a defendant is insufficient to show that Plaintiff's protected activity was the motivating factor behind a defendant's actions. Further, as stated in the First Screening Order, this Court does not see how mishandling of an inmate's appeals rises to the level of an adverse action for a retaliation claim since Plaintiff can contend that the process was rendered unavailable by obstreperous actions in the processing of his inmate appeal if/when he files an action and a defendant asserts failure to exhaust as an affirmative defense. Further verbal harassment or abuse alone is not sufficient to state a claim under section 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Even threats, such as Plaintiff alleges D. Goree and M. Oliveira made, do not rise to the level of a constitutional violation. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Plaintiff does not state any allegations to show any other adverse action by any Defendant. Plaintiff thus fails to state a cognizable claim for retaliation under the First Amendment.

    **F.**    **Claims 2 & 3**

        **1.**    **Plaintiff's Allegations (Doc. 17, pp. 6-8)**

Plaintiff alleges that, back in 2016, he put the Warden, the AC Hiring Authority, Secretary Kernan, CDCR, the City of Corcoran, and the State of California on notice that the appeals coordinators were retaliating against him. Plaintiff alleges "now it has grown to a conspiracy." Plaintiff alleges that, because he only has a 9th grade education, D. Goree and M. Oliveira have conspired to prevent him from informing the Hiring Authority about their threats. Plaintiff alleges he filed a 602 alleging that "defendants made threats previously to discourage Plaintiff from 602ing issues" with the belief that they could make the appeals process too complex for Plaintiff to understand and use.

Plaintiff alleges that when he files 602s against D. Goree, M. Oliveira rejects them and

vice versa. Once apparently, when Plaintiff submitted a 602 to the 3rd Level, he received a response that he "did the right thing," but that they had no jurisdiction until the 1st and 2nd Levels were heard. Plaintiff alleges D. Goree and M. Oliveira conspired together to do this to discourage and intimidate Plaintiff when he files appeals.

Plaintiff alleges that, because he has only a 9th grade reading level and a mental disability, "Defendants attempted to intimidate Plaintiff into not filing a 602 against (non-defendant) officers who assaulted him by threats and "circumvention." Plaintiff alleges that he "followed every proper step during 602s" but that "unwarranted roadblocks were put into place by appeals coordinators who used the Title 15 in an egregious and erroneous manner, to deprive Plaintiff of asserting an excessive force claim against non-defendants officers, and to use his reading level (comprehension) and mental disability to accomplish their common objective.

### 2. Conspiracy

A claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim, which Plaintiff's allegations are lacking. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted). A claim for violation of section 1985(3) requires the existence of a conspiracy and an act in furtherance of the conspiracy. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citation omitted). A mere allegation of conspiracy, or that some amorphous group of defendants worked in concert, such as Plaintiff asserts here is insufficient to state a claim. *Id.* at 676-77.

### 3. The Bane Act

The Bane Act, California Civil Code § 52.1, protects Plaintiff's rights, including his right

not to be subjected to excessive use of force. The elements of the excessive force claim under § 52.1 are the same as those under the Eighth Amendment via § 1983. *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013).

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." *Wilkins v. Gaddy*, 559 U.S. 34 (2010) (per curiam); *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir.1988), *cert. denied*, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim"). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F.Supp. 797, 800 (N.D. Iowa 1992) (citation omitted), *aff'd,* 973 F.2d 686 (8th Cir.1992). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citation and quotation omitted).

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm." *Hudson*, 503 U.S. at 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7. The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. *Id.* Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. *Id.* That is, use of excessive physical force against a prisoner may constitute cruel

and unusual punishment even though the prisoner does not suffer serious injury. *Id.* at 9.

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. *Hudson*, 503 U.S. at 6-7 (8th Amendment excludes from constitutional recognition *de minimis* uses of force). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir.2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (internal quotations marks and citations omitted).

Though the Court provided Plaintiff the standards for making a claim under the Bane Act, he has not provided any further factual allegations in the SAC to cure the deficiencies of this claim which were identified in his FAC. Rather, Plaintiff continues to merely allege that, on 3/21/16, three correctional officers beat him -- though these allegations were not made under Claim 1. Plaintiff even acknowledges under Claim 3, that the officers who assaulted him are "non-defendant[s]." (Doc. 17, p. 8.) Similar to the defect identified in the FAC, Plaintiff fails to identify the conduct he claims each officer completed or to give any details of the alleged assault. Alleging that he was "brutally beaten" by 3 non-defendant correctional officers is in sufficient since nothing more than "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements, . . . ." *Iqbal*, 556 U.S. at 678.

Plaintiff states no other allegations which in any way imply he was subjected to excessive force. Plaintiff thus fails and is unable to state a cognizable claim under the Eighth Amendment or the Bane Act.

///

**4.     Americans with Disabilities Act**

Title II of the ADA and § 504 of the RA both prohibit discrimination on the basis of disability. *Lovell v. Chandler,* 303 F.3d 1039, 1052 (9th Cir. 2002). The ADA applies only to public entities, whereas the RA proscribes discrimination in all federally-funded programs. *Id.* Title II of the ADA provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. Similarly, the RA provides:

> No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ....

29 U.S.C. § 794(a).

To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of a disability. *See Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir.1997). To establish a violation of § 504 of the RA, a plaintiff must show that (1) he is handicapped within the meaning of the RA; (2) she is otherwise qualified for the benefit or services sought; (3) he was denied the benefit or services solely by reason of a handicap; and (4) the program providing the benefit or services receives federal financial assistance. *See id*.

First and foremost, Plaintiff fails to state allegations showing that he has a disability that substantially impairs or limits any of his major life activity. 42 U.S.C.A. §12102. However, even if it is assumed that Plaintiff's 9th grade reading level and cognitive functions sufficed, the Court is unable to see how the difficulty/obstructionism Plaintiff alleges with utilizing the 602 process amounts to denial of a public entity's services, programs, or activities. Again, Plaintiff can

counter the effects of any mishandling of his 602s if/when he files suit on an issue if a defendant asserts failure to exhaust as an affirmative defense -- at which time that defendant will be required to prove that the 602 process was available and accessible to Plaintiff. Plaintiff thus fails to state a cognizable claim for discrimination under the ADA or RA.

### 5. State Law Claims

#### a. Government Claims Act

Under the California Government Claims Act, set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board, and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted), and "to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1125 (9th Cir. 2013). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn.omitted).

Federal courts likewise must require compliance with the CGCA for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477

(9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

Plaintiff again fails to state any allegations which show he complied with the CGCA upon which to be allowed to pursue claims for violation of California Government Code § 844.6 in this action. Merely listing Government Code sections 815.2 and 844.6, which are part of the CGCA, does not suffice to show that Plaintiff complied with the CGCA to be allowed to proceed on claims under state law in this action.

### b. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also Watison v. Carter*, 668 F.3d 1108, 1117-18 (9th Cir. 2012) (even in the presence of cognizable federal claims, district court has discretion to decline supplemental jurisdiction over novel or complex issue of state law of whether criminal statutes give rise to civil liability).

The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Plaintiff has not shown compliance with the CTCA. However, even if Plaintiff had complied with the CTCA, jurisdiction over any claims under California law should

14

not be exercised by this Court since, as discussed herein, Plaintiff fails to state any cognizable federal claims.

### 6. Supervisory Liability

Plaintiff apparently named Warden Davey, Secretary Kernan, the Appeals Coordinator Supervisor, and the AC Hiring Authority as defendants in this action merely because they hold a supervisorial position. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677. "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Id.*

"'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such

allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.*

Plaintiff fails to state any allegations to specifically link Warden Davey, Secretary Kernan, the Appeals Coordinator Supervisor, and the AC Hiring Authority with the claims raised in his complaint. The Court provided Plaintiff direction in the First Screening Order informing him that he must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. *Johnson*, 588 F.2d at 743. However, Plaintiff's only allegations against these Defendants is that "back in mid to late 2016" he put them on notice and informed them of the appeals coordinators' activities. (Doc. 17, p. 6.) These allegations do not suffice to show that Warden Davey, Secretary Kernan, or the AC Hiring Authority were notified of any of Plaintiff's complaints. *Ashcroft*, 556 U.S. at 678. Thus, Plaintiff fails to state a cognizable claim against Warden Davey, Secretary Kernan, the Appeals Coordinator Supervisor, or the AC Hiring Authority.

### G. **Appointment of Counsel**

Plaintiff seeks the appointment of counsel in his requested relief. (Doc. 17, p. 9.) However, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. For the reasons previously discussed, Plaintiff is unable to state a cognizable claim on the events he complains of in this action. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. For the foregoing reasons, Plaintiff's request for the appointment of counsel in the SAC is denied.

### H. Injunctive Relief

Finally, prior to filing the SAC, Plaintiff filed a motion for injunctive relief. (Doc. 11.) As an initial matter, Plaintiff has not stated a cognizable claim and, as such, it is subsequently recommended that this action be dismissed. Thus, there is no actual case or controversy and the Court lacks the jurisdiction to issue the order Plaintiff seeks. *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1149 (2009); *Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1119 (9th Cir. 2009); 18 U.S.C. § 3626(a)(1)(A)). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

Further, the claims which Plaintiff asserts in this action arise from events that allegedly occurred at CSP-Cor. However, Plaintiff was recently transferred and is currently housed at KVSP. Plaintiff thus lacks standing in this action to seek relief directed at remedying his current conditions of confinement at KVSP. Further, to the extent that his motion seeks relief to remedy past conditions of confinement for the time he was at CSP-Cor, it was rendered moot on Plaintiff's transfer to KVSP. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Thus, Plaintiff's motion for a preliminary injunction must be denied.

## II. Recommendations

Plaintiff's Second Amended Complaint fails to state any cognizable claims. Given that the Second Amended Complaint suffers from the same defects as Plaintiff's First Amended Complaint, it appears futile to allow further amendment. Plaintiff should not be granted leave to amend as the defects in his pleading are not capable of being cured through amendment. *Akhtar*

*v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court **RECOMMENDS**:

1. Plaintiff's motion for injunctive relief, filed on January 4, 2018 (Doc. 11), be denied;
2. The action be dismissed with prejudice.

The Clerk of the Court is directed to assign a district judge to the action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 2, 2018**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE