UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> GOREE, et al., <br><br> Defendants. | No. 1:17-cv-00997-DAD-JLT (PC) <br><br> ORDER DECLINING IN PART TO ADOPT FINDINGS AND RECOMMENDATIONS <br><br> (Doc. No. 19) |

Plaintiff Christopher Lipsey, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On August 2, 2018, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed with prejudice upon screening review because of plaintiff's failure and inability to state a cognizable claim. (Doc. No. 19.) The findings and recommendations provided plaintiff twenty-one days to file objections thereto, with which plaintiff complied by filing his objections within the time provided. (*Id.*; Doc. No. 20.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis in part.

1

Plaintiff's second amended complaint alleges as follows. Plaintiff arrived at Corcoran State Prison on September 11, 2014. (Doc. No. 17 at 4.) As soon as he arrived, plaintiff noticed inhumane conditions and immediately began filing administrative appeals ("602s"). (*Id.*) Initially, plaintiff's 602s were processed without comment by the appeal coordinators, but as plaintiff continued filing 602s every 14 days as allowed by Title 15, plaintiff began receiving "obvious erroneous rejections and cancellations of his appeals." (*Id.* at 4–5.)

Because the issues raised in plaintiff's administrative appeals were not constitutional violations or the denial of basic human needs, plaintiff conceded to the frequent rejections and cancellations of his inmate appeals. (*Id.* at 5.) However, on March 21, 2016, plaintiff was beaten by three non-defendant officers. (*Id.*) When plaintiff tried to file a 602 regarding this beating incident, defendant Goree threatened plaintiff with an inmate appeal restriction. (*Id.*) Plaintiff thereafter began to show nurses, who conduct daily mental health checks, the Title 15 rules. (*Id.*) Plaintiff asked them if he was misinterpreting those rules, to which they would either indicate that plaintiff was correct or that they could not give him legal advice. (*Id.*) Plaintiff again tried to file a 602 regarding the incident of his beating, but "would only get threaten [sic] again by D. Goree and M. Oliveira instead of assistance as required by Title 15." (*Id.*)

On or about January 16, 2017, plaintiff filed a 602 alleging that defendants had made threats discouraging plaintiff from filing 602s, and that these threats were "done with the belief his 9th grade reading level and mental disability will make the 602s too complex to explain or proceed." (*Id.* at 6.) On February 5, 2017, plaintiff received a "695 Form" from defendant Goree stating that the 602 plaintiff had filed was not an appeal, and that resubmitting it would result in an inmate appeal restriction referral. (*Id.*) The same day, plaintiff filed a 602 regarding the 695 Form that he had received from defendant Goree, and in response, plaintiff received a threatening notice from defendant Oliveira stating, "Do not resubmit this appeal." (*Id.* at 6–7.) Plaintiff then submitted a 602 to the third level, which informed plaintiff that he "did the right thing but they had no jurisdiction until the first and second levels were heard." (*Id.* at 7.)

Plaintiff alleges that he "tries to challenge different issues and receives these threats, especially when they involve claims against officers, which has made Plaintiff reluctant to file

602s about certain events," including cancelled visits and a vehicular accident plaintiff was involved in on December 11, 2017 when he was on the prison bus on his way to get an MRI. (*Id.* at 5.) Plaintiff alleges that "there was no penological interest in the threats" and that defendants used Title 15 "in an egregious and erroneous manner." (*Id.* at 7–8.)

### A. First Amendment Retaliation

"Prisoners have a First Amendment right to file grievances against prions officials and to be free from retaliation for doing so." *Watison v.* Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). Within the prison context, a claim of First Amendment retaliation requires a prisoner to allege five elements: (1) the prisoner engaged in protected conduct; (2) the defendant took adverse action against the prisoner; (3) a causal connection exists between the adverse action and the protected conduct; (4) the defendant's acts chilled the prisoner's exercise of his First Amendment rights; and (5) the retaliatory action did not reasonably advance a legitimate correctional goal. *See Watison*, 668 F.3d at 1114–15.)

The Ninth Circuit has held that the filing of an inmate grievance constitutes protected conduct. *Watison*, 668 F.3d at 1114; *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). Plaintiff has clearly alleged that he filed numerous 602s, and therefore has sufficiently alleged that he engaged in protected conduct. Plaintiff also sufficiently alleges that his First Amendment activity was "chilled" by defendants' conduct because he "became reluctant" to file 602s challenging other incidents. (Doc. No. 17 at 5.) Plaintiff further alleges that defendants' actions were in contravention of Title 15, and therefore did not reasonably advance a legitimate penological purpose. (*Id.* at 5, 7–8.) The Ninth Circuit has found this element satisfied at the pleading stage when a plaintiff successfully pleads the conduct at issue is retaliatory, presumably because retaliatory conduct meant to inhibit First Amendment expression can never be a legitimate penological goal. *See Watison*, 668 F.3d at 1115–17.

The magistrate judge recommended dismissal of plaintiff's retaliation claim, however, finding that: (1) neither the mishandling of plaintiff's appeals nor verbal harassment rises to the
/////

3

level of an adverse action; and (2) plaintiff's allegations were insufficient to show that plaintiff's protected activity was the motivating factor behind defendant's actions.  (Doc. No. 19 at 8.)

Regarding whether plaintiff sufficiently alleged that he suffered an adverse action, the court observes that an adverse action in the retaliation context "need not be an independent constitutional violation." *Watison*, 668 F.3d at 1114 (citing *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995)).  Rather, as the Ninth Circuit recognized in *Brodheim v. Cry,* "the mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect."  584 F.3d 1262, 1270 (9th Cir. 2009); *see also Hoffman v. Jones*, No. 2:15-cv-1526-EFB P, 2018 WL 3436830, at *6 (E.D. Cal. July 17, 2018) ("[A] threat is sufficient adverse action."); *Ramnanan v. Abukalam*, No. 2:17-cv-1801 CKD P, 2018 WL 339050, at *3 (E.D. Cal. Jan. 8, 2018) (Plaintiff's claim that defendant Abukalam told him that he would "be in trouble" if he went through with submitting his grievance is sufficient to state a claim for retaliation.").  In *Brodheim*, a prison guard denied a prisoner's request for an interview and warned the prisoner "to be careful what you write, req[u]est on this form." *Id.* at 1265–66.  The Ninth Circuit found in that case that the prisoner did not need to establish that the prison guard's statement contained an explicit threat of discipline or transfer, because "[b]y its very nature, a statement that 'warns' a person to stop doing something carries the implication of some consequence of a failure to heed that warning." *Id.* at 1270.  Finding that "[t]he power of a threat lies not in any negative actions eventually taken, but in the apprehension it creates in the recipient of the threat," the Ninth Circuit reversed the district court's finding that the prisoner had produced inadequate evidence of an adverse action. *Id.* at 1271.

Here, plaintiff alleges that defendants directed various threats at him when he submitted his 602s. Specifically, plaintiff alleges that after submitting a 602 on or about January 16, 2017, he received a notice on February 5, 2017 from defendant Goree stating that the 602 plaintiff filed "was not an appeal and resubmitting it will result in appeal restriction referral."  (Doc. No. 17 at 6.)  When plaintiff submitted another 602 to complain about the notice he received from defendant Goree, he received another notice from defendant Oliveira stating, "Do not resubmit this appeal." (*Id.* at 6–7.)  Plaintiff alleges that he interpreted these responses as threats and that

4

he believes defendants were trying to intimidate him and discourage him from pursuing his inmate grievances. As in *Brodheim*, this court finds that plaintiff's allegations in this regard plausibly state that defendants subjected him to adverse action.

The court next addresses whether plaintiff sufficiently alleged a causal connection between his engagement in protected conduct and the adverse action. "Because direct evidence of retaliatory intent rarely can be pleaded in a complaint," the Ninth Circuit has held that allegations regarding "a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." *Watison*, 668 F.3d at 1114; *see also Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent."). Here, plaintiff alleges that he submitted a 602 on January 16, 2017, and received a response from defendant Goree on February 5, 2017. (Doc. No. 17 at 6.) Thus, not only has plaintiff alleged a chronology of events from which retaliation can be inferred, plaintiff has also alleged that the notices he received from defendants Goree and Oliveira were in direct response to his filing of 602s, and that those notices contained the warnings to plaintiff that resubmission of his appeal would result in the imposition of an inmate appeal restriction. *See Garcia v. Strayhorn*, No. 13-CV-807-BEN (KSC), 2014 WL 4385410, at *9–10 (S.D. Cal. Sept. 4, 2014) (denying motion to dismiss a retaliation claim because in addition to other allegations the plaintiff prisoner had "pled a chronology of events from which a reasonable trier of fact could infer that Defendants' actions against him were retaliatory"). Plaintiff need only allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this *pro se* civil rights action, in which courts are instructed to "construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt," the undersigned concludes that plaintiff has alleged facts sufficient to state a claim for First Amendment retaliation. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773

/////

/////

/////

5

F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)). The undersigned concludes that dismissal of plaintiff's First Amendment retaliation claim at screening is not warranted.[1]

**B. Bane Act**

The findings and recommendations also recommended that plaintiff's claims against the defendants brought pursuant to California Civil Code § 52.1, also known as the Bane Act, be dismissed for failure to state a cognizable claim. The Bane Act prohibits interference or attempted interference with a person's rights under federal or California law by "threats, intimidation, or coercion." Cal. Civ. Code § 52.1(a). The magistrate judge construed plaintiff's Bane Act claim as an excessive force claim against the three non-defendant officers who allegedly beat plaintiff on March 21, 2016. (*See* Doc. No. 19 at 9–11.) The magistrate judge recommended dismissal of this claim because plaintiff failed to "identify the conduct he claims each officer completed or to give any details of the alleged assault." (*Id.* at 11.)

The undersigned reads plaintiff's operative complaint as premising his Bane Act claim not on the alleged use of excessive force, but on defendants' attempt "to intimidate Plaintiff into not filing a 602 agianst [sic] (non-defendant) officers who assaulted him by using threats regarding his 602 priviledges [sic] and circumvention." (Doc. No. 17 at 8.) In his objections to the findings and recommendations, plaintiff confirms that he is alleging the Bane Act was violated because of "appeal coordinators interfering with plaintiff's right to file grievances by threats of appeal restriction." (Doc. No. 20 at 4.)

As discussed above, the undersigned has found that plaintiff has sufficiently alleged a First Amendment retaliation claim. While not all alleged violations of First Amendment rights will inherently involve coercion sufficient to be properly accompanied by Bane Act claims, *see Cuviello v. City and County of San Francisco*, 940 F. Supp. 2d 1071, 1103 (N.D. Cal. 2013), the undersigned understands plaintiff's retaliation claim here to inherently encompass an element of threat, intimidation, or coercion against the plaintiff's exercise of his First Amendment rights,

---

[1] This is not to say that plaintiff will ultimately prevail on his retaliation claim or that the evidence will support that claim as to all five elements thereof. Rather, the undersigned merely concludes that the allegations of his pro se complaint are sufficient to survive dismissal at screening.

6

making it susceptible to a companion Bane Act claim as well. *See Lopez v. Cate*, No. 1:10-cv-01773-AWI-SKO, 2013 WL 239097, at *11 (E.D. Cal. Jan. 22, 2013) (concluding that a cognizable Bane Act claim was stated against defendants where a cognizable First Amendment retaliation claim was also stated against them).

Here, plaintiff alleges facts sufficient to state a cognizable claim that defendants Goree and Oliveira engaged in retaliatory behavior against plaintiff because of his propensity to file inmate grievances. The same allegations are sufficient to state a Bane Act claim that defendants Goree and Oliveira threatened, intimidated, or coerced him in furtherance of an effort to interfere with his exercise of his First Amendment rights.

### C. Plaintiff's Remaining Claims and Requested Relief

The undersigned will briefly address plaintiff's remaining causes of action and other requested relief. The findings and recommendations recommended dismissal of plaintiff's conspiracy claim and Americans with Disabilities Act ("ADA") claim. Plaintiff's objections provide no reason to question the magistrate judge's analysis as to these claims and do not show that, if granted further leave to amend, he would be able to correct the noted deficiencies in his pleading to state cognizable claims. First, plaintiff's conspiracy allegations are entirely conclusory. Plaintiff has not alleged specific facts regarding the alleged conspiracy, including, for example, a specific agreement between Goree, Oliveira, and/or other prison employees. *See Twombly*, 550 U.S. at 553–67 (finding "an allegation of parallel conduct and a bare assertion of conspiracy" are insufficient to plead antitrust conspiracy). Second, the SAC contains no factual allegations that a public entity, as opposed to individual defendants, discriminated against plaintiff because of a disability. *See Stewart v. Unknown Parties*, 483 Fed. App'x 374, 374 (9th Cir. 2012) ("Dismissal of [plaintiff's] Americans with Disabilities ('ADA') claim was proper because defendants, as individuals, were not liable under Title II of the ADA.");[2] *Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

officials."); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) ("Title II provides disabled individuals redress from discrimination by a 'public entity.' . . . That term, as it is defined within the statute, does not include individuals."). The undersigned therefore adopts the findings and recommendations recommending that plaintiff's claims for conspiracy and violation of the ADA be dismissed.

The findings and recommendations also recommended dismissal of defendants Warden Davey, Secretary Kernan, and the AC Hiring Authority because there is no *respondeat superior* liability under § 1983, dismissal of defendants the State of California and the CDCR on the grounds of Eleventh Amendment immunity, and dismissal of these aforementioned defendants and the City of Corcoran because there are otherwise no allegations linking these defendants to any of the claims raised in plaintiff's complaint. Plaintiff's objections merely state that defendants are not entitled to Eleventh Amendment immunity, without citing any legal authority in support of that contention. (Doc. No. 20 at 4.) Plaintiff's objections do not show that, if granted further leave to amend, he would be able to cure the deficiencies in his pleading to state cognizable claims against these defendants.

Finally, the findings and recommendations recommended dismissal of plaintiff's state law claims under California Government Code §§ 815.2 and 844.6 based upon plaintiff's noncompliance with the California Government Claims Act, denial of plaintiff's request for court-appointed counsel, and denial of plaintiff's motion for injunctive relief. Plaintiff has not challenged these conclusions in his objections, and the undersigned concurs with and adopts these recommendations as well.

For these reasons,

1. The findings and recommendations issued August 2, 2018 (Doc. No. 19) are adopted in part;
2. The undersigned finds that plaintiff's SAC states claims for retaliation in violation of the First Amendment and under the Bane Act;
3. Plaintiff's cause of action for conspiracy is dismissed for failure to state a claim;

/////

8

4. Plaintiff's cause of action under the Americans with Disabilities Act is dismissed for failure to state a claim;

5. Plaintiff's causes of action based upon California state law are dismissed for failure to comply with the claim presentment requirements of the California Government Claims Act;

6. Defendants D. Davey, S. Kernan, the AC Hiring Authority, the City of Corcoran, the State of California, and the CDCR are dismissed for plaintiffs' failure to state a cognizable claim against them;

7. Plaintiff's request for court-appointed counsel is denied without prejudice;

8. Plaintiff's motion for injunctive relief (Doc. No. 11) is denied without prejudice; and

9. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **September 25, 2018**

UNITED STATES DISTRICT JUDGE