UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR.,<br><br>Plaintiff,<br><br>v.<br><br>GOREE, et al.,<br><br>Defendants. | No. 1:17-cv-00997-DAD-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 24) |

Plaintiff, Christopher Lipsey, Jr., is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. On September 26, 2018, the undersigned issued an order on screening of the second amended complaint ("SAC"), finding that plaintiff had stated claims for retaliation in violation of the First Amendment and under the Bane Act, and dismissing all other claims. (Doc. No. 21.) On September 28, 2018, the court issued a minute order clarifying that plaintiff's retaliation claim was found cognizable only against defendants D. Goree and M. Oliveira, and that though plaintiff was found to allege sufficient facts stating a claim under the Bane Act, that claim was nonetheless dismissed because plaintiff was found not to have complied with the California Government Claims Act ("CGCA"). (Doc. No. 22.)

On October 12, 2018, plaintiff filed a motion for reconsideration, requesting that he be allowed to proceed on his Bane Act claim because he did submit a government claim form on

1

July 6, 2017.  (Doc. No. 24.)  In support of his motion, plaintiff attached a document that he "is positive . . . is an exact copy of the claim he sent out within the next day or two of 7-6-17 (approximately)."  (*Id.* at 2–5.)

Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of judgment."  Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)).  The moving party "must demonstrate both injury and circumstances beyond his control . . .."  *Id.* (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his motion, plaintiff asserts facts now that he did not allege in his SAC, namely, the supposed filing of a government claim form regarding the events alleged in this action and in compliance with the CGCA.  However, plaintiff fails to explain why he did not allege these facts in any of the three versions of the complaint he filed in this action—most notably the SAC, which

/////

2

was filed after the first screening order informed plaintiff of the CGCA's requirements.  (*See* Doc. Nos. 1, 10, 12, 17.)

Furthermore, government claims must generally be filed with the California Victim Compensation and Government Claims Board ("Board") no later than six months after the accrual of the cause of action.  Cal. Gov. Code § 911.2(a).  If a claimant misses a deadline, he or she may file a written application for leave to file a late claim within a year after the accrual of the cause of action.  Cal. Gov. Code § 911.4.  If the Board denies the application, the notice of denial must include a warning to the claimant that no court action may be brought on the claim unless the claimant first files a petition with the appropriate court requesting relief from the claim presentation requirement and obtains a court order granting such relief.  *Id*. § 911.8.  Failure to obtain such relief bars any suit on the claim.

On the claim form, which plaintiff now submits, plaintiff indicated that the incident occurred far more than six months prior to the filing of the claim.  (Doc. No. 24 at 6.)   However, plaintiff provides no documentation to show that he obtained leave to file a late claim.  Absent leave to file a late claim, plaintiff is barred from bringing claims under California law, including the Bane Act, in this action.  Accordingly, plaintiff's motion for reconsideration (Doc. No. 24) is denied.

IT IS SO ORDERED.

Dated: **October 17, 2018**

UNITED STATES DISTRICT JUDGE