# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, Jr., | Case No.: 1:17-cv-00997-DAD-JLT (PC) |
| Plaintiff, | ORDER SETTING SETTLEMENT CONFERENCE |
| v. | DATE: February 21, 2019<br>TIME: 9:00 a.m. |
| D. GOREE, et al., | |
| Defendants. | 1O-DAY DEADLINE FOR PLAINTIFF |

The parties responded to this Court's order referring the case to the post-screening ADR project that they believed a settlement conference would be beneficial in this case. The Court concurs; therefore, this case will be set for a settlement conference before the undersigned at the U. S. District Court, 510 19th Street, Bakersfield, California 93301 in Courtroom #6 on February 21, 2019, at 9:00 a.m. The Court will issue a separate order and *writ of habeas corpus ad testificandum*. In accordance with the above, the Court **ORDERS**:

1. A further settlement conference is set for February 21, 2019, at 9:00 a.m., before Magistrate Judge Jennifer L. Thurston at the U. S. District Court, 510 19th Street, Bakersfield, California 93301.

2. Defendants' lead counsel and a person with authority to negotiate and enter into a settlement on defendants' behalf shall attend in person.[1]

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority

1

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. The parties shall submit confidential settlement conference statements in compliance with the requirements set forth in the Order Referring the Case to Post-Screening ADR Project the Court issued on December 14, 2018, (Doc. 34).

5. **Within 10 days of the date of service of this order, Plaintiff shall file a statement indicating whether he prefers to appear at the settlement in person or via video conference**.[2]

IT IS SO ORDERED.

Dated: **January 14, 2019**        /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE

---

to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

[2] On his Notice Regarding Early Settlement Conference, Plaintiff marked the boxes indicating that he would like to appear in person and via video conference. (Doc. 36, p. 2.) It is physically impossible for Plaintiff to do both. He must inform the court which appearance method he prefers for a writ to issue accordingly.