# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CHRISTOPHER LIPSEY, Jr., | Case No.: 1:17-cv-00997-DAD-JLT (PC) |
|---|---|
| Plaintiff, | AMENDED ORDER ON PLAINTIFF'S NOTICE REGARDING SETTLEMENT AND CLOSING CASE IN LIGHT OF STIPULATION FOR DISMISSAL |
| v. | |
| D. GOREE, et al., | (Docs. 46, 47) |
| Defendants. | |

The Court held a settlement conference on February 21, 2019 at which the parties resolved this action. (Doc. 44.) Subsequently, Plaintiff filed a document titled "Good Faith Settlement Requested Terms Made Then Breached." (Doc. 46.) In this document, Plaintiff states that after he received the property promised in the settlement, two officers took all but $30-40 of it from him. In their response, Defendants produced the receipt Plaintiff signed in which he acknowledged receipt of the items promised in settlement, as well as declarations from the officers involved indicating they did not allow Plaintiff to have the items in question until after they confirmed that they were part of a settlement which entitled Plaintiff to have them. (Doc. 49.) This resulted in a delay of only minutes.

In as much as Plaintiff received the items he was promised in the settlement his motion to enforce the settlement agreement fails because no violation of the terms occurred. The settlement terms were met. There was no breach. Even if those items were taken from Plaintiff afterward

1

by rogue officers, the settlement agreement was not breached. Plaintiff provides no legal authority to the contrary and the Court finds none. Likewise, being labeled a "snitch" as Plaintiff contends, does not equate to a breach.[1]

The parties filed a stipulation for voluntary dismissal with prejudice of this matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. 47.) Rule 41(a)(1)(A), in relevant part, reads:

> The plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; (ii) a stipulated dismissal signed by all parties who have appeared.

. Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro. 41(a)(1)(ii); *Eitel v. McCool*, 782 F.2d 1470, 1473 n. 4 (9th Cir. 1986). "Caselaw concerning stipulated dismissals under Rule 41(a)(1)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." *In re Wolf*, 842 F.2d 464, 466 (D.C. Cir. 1989); *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984); *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139 (2d Cir. 2004); *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999) *cf. Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (addressing Rule 41(a)(1) dismissals).

This case terminated when the parties filed a stipulation for dismissal with prejudice under Rule 41(a)(1)(A)(ii) that was properly signed by all parties who have appeared in this action. *See* Fed. R. Civ. Pro. 41(a)(1)(A)(ii); *In re Wolf*, 842 F.2d at 466; *Gardiner*, 747 F.2d at 1189; *see also Gambale*, 377 F.3d at 139; *Commercial Space Mgmt*, 193 F.3d at 1077; *cf. Wilson*, 111 F.3d at 692.

Therefore, the Court **ORDERS** that to the extent Plaintiff's notice of breach may be construed as a motion to enforce the settlement, (Doc. 46), it is DENIED and the Clerk of the Court is directed to close this case in light of the properly executed Stipulation Of Dismissal With

---
[1] If Plaintiff feels a violation of his constitutional rights has occurred, he is not prohibited from seeking redress via separate, new action which will be subject to the requirements for civil rights actions, including exhaustion of administrative remedies and screening under 28 U.S.C. § 1915A(a).

2

Prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) that was filed on March 5, 2019, (Doc. 47).

IT IS SO ORDERED.

Dated: **March 20, 2019**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE