1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHRISTOPHER LIPSEY, Jr.,                    No.  1:17-cv-00997-DAD-JLT

12                    Plaintiff,

13           v.                                   ORDER DENYING PLAINTIFF'S MOTIONS
                                                  FOR RECONSIDERATION
14    GOREE, et al.,
                                                  (Doc. Nos. 52, 53)
15                    Defendants.

16

17           Plaintiff Christopher Lipsey, Jr. is a state prisoner proceeding *pro se* and *in forma*

18    *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a

19    United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20           On February 21, 2019, the parties to this action reached a settlement agreement.  (Doc.

21    No. 44.)  That same day, plaintiff filed a document titled "Good Faith Settlement Requested

22    Terms Made Then Breached."  (Doc. No. 46.)  The magistrate judge denied plaintiff's motion

23    insofar as it might be construed as a motion to enforce the settlement.  (Doc. No. 51.)  Plaintiff

24    subsequently filed an opposition (Doc. No. 53) and "Objections and Questions" (Doc. No. 52),

25    which the court construes as motions for reconsideration of the magistrate judge's order denying

26    plaintiff's motion to enforce the settlement.

27    /////

28    /////

                                                    1

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. *See also* Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Local Rule 303(f). Motions for a protective order are non-dispositive pretrial motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Thus, the orders of a magistrate judge addressing such motions are subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). The magistrate judge's factual determinations are reviewed for clear error, and the magistrate judge's legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds as recognized by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993) (internal quotation marks and brackets omitted). "A Magistrate Judge's decision is contrary to law if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (internal quotation marks omitted).

Plaintiff's displeasure with the ruling on his motion to enforce the settlement fails to show that it was clearly erroneous or contrary to law. Plaintiff has failed to demonstrate that the terms of the settlement agreement were breached in any way. If, as plaintiff contends, correctional officers retaliated against him by later confiscating certain materials he received as a condition of the parties' settlement agreement in this action, plaintiff may file a separate, new civil rights

/////

/////

/////

action to that effect.  Any such allegations, even if proven, do not demonstrate that the terms of the settlement agreement reached as to the claims in this case have been violated.

For these reasons, plaintiff's motions for reconsideration (Doc. Nos. 52, 53) are denied.

IT IS SO ORDERED.

Dated:  __**June 14, 2019**__  _____
UNITED STATES DISTRICT JUDGE