1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER LIPSEY, Jr.,                    No.  1:17-cv-000997-DAD-JLT

12                Plaintiff,

13        v.                                      ORDER DENYING PLAINTIFF'S MOTION
                                                  FOR RECONSIDERATION
14   GOREE, et al.,
                                                  (Doc. No. 64)
15                Defendants.

16

17          Plaintiff Christopher Lipsey, Jr. is a state prisoner proceeding *pro se* and *in forma*

18   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a

19   United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302

20          On February 21, 2019, the parties to this action reached a settlement agreement.  (Doc.

21   No. 44.)  Later that same day, plaintiff filed a document titled "Good Faith Settlement Requested

22   Terms Made Then Breached."  (Doc. No. 46.)  On March 5, 2019, the parties filed a stipulation

23   for voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

24   (Doc. No. 47.)  On March 20, 2019, the assigned magistrate judge issued an Amended Order on

25   Plaintiff's Notice Regarding Settlement, in which the court denied plaintiff's motion insofar as it

26   could be construed as a motion to enforce the settlement.  (Doc. No. 51.)  Plaintiff subsequently

27   filed an opposition (Doc. No. 53) and "Objections and Questions" (Doc. No. 52), which the court

28   construed as motions for reconsideration of the magistrate judge's order denying plaintiff's

                                                   1

motion to enforce the settlement. (Doc. No. 54.) On June 17, 2019, the undersigned denied plaintiff's motions for reconsideration. (Doc. No. 61.)

Before the court now is plaintiff's filing on January 21, 2020, entitled: "Motion Requesting Magistrate Findings and Recommendations be denied." (Doc. No. 64.) The court construes plaintiff's filing as a second motion for reconsideration of the magistrate judge's order denying plaintiff's motion to enforce the settlement agreement (Doc. No. 51).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In the pending motion for reconsideration, plaintiff does not raise any new arguments. Rather, he continues to assert that correctional officers confiscated certain property he had received as a condition of the parties' settlement agreement in this action. (Doc. No. 64.) As the court explained in its June 17, 2019 order denying plaintiff's motions for reconsideration, "[p]laintiff's displeasure with the ruling on his motion to enforce the settlement fails to show that it was clearly erroneous or contrary to law." (Doc. No. 61 at 2.) Moreover, the court advised plaintiff that he "may file a separate, new civil rights action" to bring his claims that correctional officers retaliated against him by confiscating certain materials he received as part of the settlement of this action. (*Id*. at 2–3.)

Accordingly, plaintiff's motion (Doc. No. 64), deemed to be a renewed motion for reconsideration, is denied.

IT IS SO ORDERED.

Dated:  __**January 28, 2020**__                    _____
                                                                    UNITED STATES DISTRICT JUDGE